United States District Court
Middle District of Florida
Orlando Division

**LILIANA BEATRIZ MALAVE,**

    *Plaintiff,*

v.                                                  NO. 6:20-cv-389-RBD-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

# Order

Earlier in this action, the Court granted the Commissioner of Social Security's unopposed motion to remand the case, reversed the Commissioner's final decision denying Liliana Malave's application for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 19, 20, 21. She now requests, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, an award of $3319.43 in attorney's fees. Doc. 22. The Commissioner presents no opposition. Doc. 22 at 3. The parties consented to the undersigned's authority to enter an order on the motion. Docs. 23, 24.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in an action against the United States, (2) she timely requested the fees, (3) her net worth did not exceed $2 million when she filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing that it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Malave prevailed because the Court ordered a sentence-four remand. Docs. 19, 20, 21. Her February 9, 2021 request, Doc. 22, is timely because she made it before the November 24, 2020, judgment, Doc. 21, became final. She represents her net worth was less than $2 million when she filed the case, Doc. 22 at 2, and the Court accepts that representation. Her motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 22 at 2, 6–7, and the Commissioner has not attempted to satisfy his burden of showing otherwise. The Commissioner does not contend that this case presents a special circumstance, and none is apparent. Thus, Malave is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount is reasonable.

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). An EAJA award is to the party, not to her lawyer. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

If adjusting the fee cap, a court should use the cost of living increase to when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *accord United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28

(11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court is "'itself an expert'" on reasonable rates, may consider its own "'knowledge and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir. 1940)).

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Fees for time spent preparing an EAJA request are allowed. *Jean v. Nelson*, 863 F.2d 759, 779–80 (11th Cir. 1988).

Malave is represented by Richard Culbertson, Esquire, and Sarah Jacobs, Esquire. Neither attorney provides an affidavit on experience or customary rate. That they specialize in social-security work and have done so for many years is known in the legal community and reflected in their many appearances in social-security actions here (more than 100 for Richard Culbertson and more than 20 for Jacobs). Records of The Florida Bar show Richard Culbertson has been a member since 1991, and Jacobs has been a member since 2011. *See* "Find a Lawyer" on www.floridabar.org.

Malave submits details of tasks performed for, and time spent on, the action. Doc. 22 at 11–12. Culbertson worked 1.2 hours between March and

4

November 2020. Doc. 22 at 11. Jacobs worked 13.5 hours between February and November 2020, and 1.2 hours in January and February 2021 (totaling 14.7 hours for Jacobs). Doc. 22 at 12. Their tasks included preparing the complaint, reviewing the 593-page administrative record, preparing the brief, and preparing the EAJA motion. Doc. 22 at 11–12.

Malave's $3319.43 request is based on the total time requested (15.9 hours) multiplied by $208.77. Doc. 22 at 2, 7. The $208.77 rate is based on the $125 EAJA cap and a cost-of-living increase indexed from March 1996 to the "annual all urban consumer price index ["CPI"] for 2020." Doc. 22 at 9. Referencing information from the CPI table from the United States Department of Labor, Malave states the "annual all urban [CPI]" number is 260.065 (up from 155.7 in 1996). Doc. 22 at 9; *see* U.S. Dept. of Labor, Bureau of Labor Stats., https://data.bls.gov/timeseries/CUUR0000SA0.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the undersigned's own knowledge and expertise, the market rate in Orlando for services by lawyers of comparable skills, experience, and reputation exceeds $125 an hour.

On the second step (determining whether to adjust the rate upward from $125), the Court finds the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living from March 1996 to when Culbertson and Jacobs performed their work. But the 260.065 index number Malave uses to calculate the $208.77 rate is not the annual index number for 2020 (the index number Malave seeks to use to calculate the rate); that index number represents the average index number for the second half of 2020 (labeled as "HALF2"). *See* U.S. Dept. of Labor, Bureau of Labor Stats.,

5

CPI for All Urban Consumers, https://data.bls.gov/timeseries/CUUR0000SA0. The annual number, using the average of the "HALF1" and "HALF2" numbers ((257.557 + 260.065) divided by 2) is 258.811. *See id.* Using the 258.811 index number, the appropriate rate is $207.78. Malave does not to seek to use a different rate for the 1.2 hours of work performed in 2021.

On the reasonableness of the hours, none of the work appears clerical or secretarial, and none appears excludable as unnecessary. *See* Doc. 22 at 11–12. The hours are reasonable.

Using the reasonable number of hours and the adjusted reasonable rate, attorney's fees of $3303.70 (15.9 hours x $207.78) are reasonable.

The Court leaves to the Commissioner's discretion whether to accept Malave's assignment of EAJA fees after determining if she owes a federal debt. *See* Doc. 22-1 (retainer agreement including assignment of EAJA fees).

Because Malave is eligible and the requested attorney's fees (as modified) are reasonable, the Court **grants** the motion in part, Doc. 22, and **awards** her **$3303.70** in attorney's fees.

**Ordered** in Jacksonville, Florida, on April 21, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*